SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-643 PA (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Leota Ann Frank v. Daima Calhoun, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — ORDER TO SHOW CAUSE

　　　Before the Court is a complaint ("Complaint") filed by pro se plaintiff Leota Ann Frank ("Plaintiff") against defendants Daima Calhoun, Michael Ruston, Cecelia Placencia, Kim Emmerling, Stanley Sniff, John Shultz, Dan Wilhelm, Jesse Martinez, Andre O'Harra, Mark Fajardo, M.D., Brent Secrest, Alan Wesergeldt, and the Riverside Board of Supervisors (collectively "Defendants").

　　　Plaintiff filed the complaint in this action on January 28, 2010, alleging claims for: (1) prejudicial abuse of discretion and malice; (2) negligence and breach of duty; (3) conspiracy; (4) discrimination; (5) violation of privacy rights; and (6) intentional infliction of emotional distress.  In November 2008, over one year before filing this action, Plaintiff filed a very similar case against Defendants in the Riverside County Superior Court, Frank v. Calhoun, et al., Case No. RIC 512723, alleging claims for: (1) prejudicial abuse of discretion and malice; (2) negligence and breach of duty; (3) conspiracy; (4) discrimination; (5) violation of privacy rights; (6) intentional infliction of emotional distress; (7) violation of the elder protection laws; and (8) violation of due process, equal access to justice, and other civil rights.  The case in Riverside County Superior Court is still pending.

　　　In both actions, Plaintiff alleges that on August 5, 2007, her husband, who was 68-years-old at the time, was attacked by a neighbor, Ty Reddish, who was on probation for "alcohol use."  Reddish put Plaintiff's husband in a headlock, jumped on his back, and choked him.  Plaintiff's husband returned home after the incident, but died a few minutes later at his residence.  One day after the incident, Reddish was released by the Sheriff's Department on his own recognizance.  The case was closed approximately ten weeks later; Reddish was not charged for the death of Plaintiff's husband.

　　　Plaintiff alleges that her husband's death was not fully investigated and that Riverside County has failed to provide her any protection or assistance.  Specifically, Plaintiff alleges that although Defendants asserted that her husband died from a heart attack, the autopsy report reflects "no evidence of acute myocardial infarction."  Thus, Plaintiff alleges, Defendants should have gone forward with the prosecution of Reddish for the death of Plaintiff's husband.  Plaintiff further alleges that Defendants wrongfully declined to have Reddish undergo drug-testing, despite his past drug violations.  In addition,

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-643 PA (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Leota Ann Frank v. Daima Calhoun, et al. | | |

Plaintiff alleges that Reddish has been stalking and harassing her and her neighbors, but Defendants have not taken any steps to protect the neighborhood.

      Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). As the party invoking federal jurisdiction in this case, Plaintiff has the burden of establishing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001); Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, can be met by alleging sufficient facts to show that there is a proper basis for jurisdiction. Fed. R. Civ. P. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Tosco Corp. v. Communities For A Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See id.; Century Southwest Cable Television, Inc. v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994).

      Absent diversity of citizenship, federal question jurisdiction is required before a case can be heard in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b). Federal question jurisdiction is presumed to be absent unless the plaintiff has alleged a federal cause of action, a state cause of action that turns on a substantial and dispositive issue of federal law, or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). It is not sufficient for a complaint to identify the statutory or constitutional provision under which the claim arises; it must also allege sufficient facts to show that the case arises under federal law. See Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992). Further, jurisdiction under 28 U.S.C. § 1331 is unavailable where a federal claim is patently without merit. Id.

      Here, Plaintiff alleges in the complaint that this Court has jurisdiction over this matter based on twelve different statutes, including 42 U.S.C. § 1983, 18 U.S.C. § 242, the Americans with Disabilities Act of 1990, the Older Americans Act of 1965, the Crime Victims Act, 18 U.S.C. § 241, 18 U.S.C. § 245, the Rehabilitation Act of 1973, the Racketeer Influenced and Corrupt Organizations Act, the Right to Justice Act, the Fourth and Eighth Amendments, and Article I of the California Constitution. However, Plaintiff has not specifically asserted any claims under federal law, alleging only claims for: (1) prejudicial abuse of discretion and malice; (2) negligence and breach of duty; (3) conspiracy; (4) discrimination; (5) violation of privacy rights; and (6) intentional infliction of emotional distress.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-643 PA (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Leota Ann Frank v. Daima Calhoun, et al. | | |

      To the extent that Plaintiff may be attempting to state federal claims based on 42 U.S.C. § 1983, the facts alleged do not appear to provide a valid basis for such claims. One prerequisite to recovery under 42 U.S.C. § 1983 is that the plaintiff prove that the defendants deprived her of a right secured by the Constitution and the laws of the United States. Martinez v. California, 444 U.S. 277, 284 (1980). Unless another right is also violated, the failure of police to adequately investigate a crime does not give rise to a § 1983 claim. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985). Additionally, unless police have induced detrimental reliance on a promise to provide protection, California law recognizes no cause of action for their failure to investigate. Clemente v. State of California, 40 Cal.3d 202, 212-13 (1985). Where discrimination is the basis for a plaintiff's claim under section 1983, the plaintiff must show that the defendants acted with an intent or purpose to discriminate based upon the plaintiff's membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001).

      Given that Plaintiff's claims are based upon allegations that Defendants failed to properly investigate and prosecute Reddish for the death of her husband, and failed to provide her with protection against Reddish, it does not appear that Plaintiff's claims give rise to federal subject matter jurisdiction. Further, although Plaintiff alleges a claim for discrimination, she does not allege that she is a member of any protected class. Accordingly, Plaintiff is ordered to show cause in writing, no later than April 15, 2010, why this case should not be dismissed based on the lack of federal subject matter jurisdiction. Failure to comply with this Order may result in the imposition of sanctions, including dismissal of the Complaint. The Court stays all proceedings in this case until the Order to Show Cause is resolved.

      IT IS SO ORDERED.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-643 PA (PJWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Leota Ann Frank v. Daima Calhoun, et al. | | |

:

Initials of Preparer